**DIRECTV INC., Plaintiff–Appellant,**

v.

**Andy LE, Defendant–Appellee.**

**DirecTV, Inc., a California corporation, Plaintiff–Appellant,**

v.

**Troy Ceballos; Mark Coy; Mike Duong, Defendants–Appellees,**

and

**Todd Cruz; Fred Curry; Aaron Dayton; Rand Deahl; Charlie T. Dong; Andy Eddinis; Larry Evatt, Defendants.**

Nos. 05–35259, 05–35274.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2008.

Filed Feb. 21, 2008.

Sonnenschein Nath & Rosenthal LLP, Washington, DC, Timothy Daly Smith, Esq., Garvey Schubert Barer, Portland, OR, for Plaintiff–Appellant.

Andy Le, Portland, OR, pro se.

Before: RYMER, T.G. NELSON, and PAEZ, Circuit Judges.

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**MEMORANDUM** \*

DirecTV, Inc. appeals the district court's default judgments entered in its favor against Andy Le, Troy Ceballos, Mark Coy, and Mike Duong. The judgments stated that DirecTV shall recover attorneys' fees and costs, but declined to award statutory damages. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

We review the district court's denial of statutory damages for abuse of discretion. *Cf. Sec. Farms v. Int'l Bhd. of Teamsters,* 124 F.3d 999, 1015 (9th Cir.1997). The district court has "wide discretion in determining the amount of statutory damages to be awarded," *Harris v. Emus Records Corp.,* 734 F.2d 1329, 1335 (9th Cir.1984), and its requirement that DirecTV provide evidence of the extent of the interceptions was not an abuse of that discretion. *See Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir.1977) (stating the general rule of law that allegations of complaint are not accepted as true with regard to damages).

**AFFIRMED.**

RYMER, Circuit Judge, concurring.

I agree that awarding statutory damages is within a court's discretion (and so I concur), but I am concerned that in these cases the district judge simply concluded (as he had in other cases) that he was not going to award statutory damages absent evidence that the defaulting defendant actually intercepted DirecTV's transmissions or assisted others in doing so. To the extent this is so, the district court's practice comes close to being a per se rule disallowing *any* statutory damages in *all* cases against individuals who default. Establishing a per se rule would be a failure

to exercise discretion, and in these types of piracy cases would have adverse policy consequences as well.

In a default scenario, it is unlikely that evidence can ever be adduced showing actual or attempted access beyond what the default concedes. It is unclear to me how much wiggle room there is between actual damages, and statutory damages, for the district court's practice. This said, at least in these cases, I am not convinced the bounds of discretion were exceeded and so, with some reservations, I concur.